# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4175 | **DATE** | September 20, 2010 |
| **CASE TITLE** | Brian Buchanan (#2006-0004242) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has submitted a motion asking to proceed on his original complaint, only on his equal protection claim [#8]. The motion is granted. Plaintiff's deliberate indifference and federal RICO claims are dismissed. The Clerk is directed to issue summonses for Defendants Dart, Godinez, Martinez, Fagus, and Hart and the U.S. Marshals Service is appointed to serve them. The Clerk shall send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

     Plaintiff, Brian Buchanan, presently a pre-trial detainee at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants Cook County Sheriff Tom Dart; Executive Director of the Cook County Jail Salvador Godinez; Superintendent Martinez; Hospital Administrator David Fagus; and Psychiatric Administrator at the Cook County Jail, Avery Hart; violated his constitutional rights by being deliberately indifferent to a serious medical condition at the Cook County Jail and denying him equal protection. Plaintiff also alleges federal RICO violations. More specifically, Plaintiff alleges that Defendants have a custom and policy of mixing mentally ill inmates with physically ill inmates with no consideration of security classifications. He also alleges that the inmates on the third and fourth floor detainees are treated differently than the first and second floor detainees with respect to the amount of time they are allowed out of their cells. Finally, Plaintiff alleges that Defendants have misappropriated federal funds intended for psychotropic medications for their own personal use.

     On August 19, 2010, the Court completed the initial review of this case pursuant to 28 U.S.C. § 1915A. The Court determined that although Plaintiff had stated a claim for violation of his right to equal protection, that his claims for deliberate indifference and under federal RICO statutes were deficient. The Court dismissed Plaintiff's original complaint with leave to amend those two claims.

     Plaintiff has filed a motion stating that he wants to proceed on his equal protection claim and is willing to dismiss his other claims. The Court grants plaintiff's motion. Defendants shall be served according to the terms of this order and shall only be required to respond to Plaintiff's equal protection claim.

**(CONTINUED)**

     AWL

## STATEMENT

    The Clerk shall issue summonses for service of the complaint on Defendants Dart, Godinez, Martinez, Fagus, and Hart (hereinafter, "Defendants"). The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process.

    The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If any Defendant can no longer be found at the work address provided by Plaintiff, officials with the Cook County Jail shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Dated: September 20, 2010                ENTER:

/s/ David H. Coar

David H. Coar5, U.S. District Judge