Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4175 | **DATE** | 4/14/2011 |
| **CASE TITLE** | Brain Buchanan (#2006-0004242) vs. Tom Dart, et al | | |

**DOCKET ENTRY TEXT**

The Court orders as follows: the Clerk shall consolidate the two actions, and shall file the 10 C 6520 amended complaint (# 9) into the docket for 10 C 04175, where the amended complaint will be treated as the operative complaint in 10 C 04175.  The Clerk shall terminate case number 10 C 06520 because the amended complaint will be treated as the complaint in 10 C 04175.  Defendants shall answer the amended complaint on or before 5/5/ 2011.  Status hearing is set for 5/11/2011 at 8:30 a.m.
With regard to Defendants' motion to dismiss [# 23] in 10 C 6520, the motion is denied at this time in light of the consolidation. With regard to the class-action allegation, the previously-assigned judge already ruled that the case may not proceed as a class action.  (See attached Minute Order for full details)

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

As explained below, under Federal Rule of Civil Procedure 42(a)(2), the Court orders the consolidation of 10 C 4175 and 10 C 6520.  In 10 C 04175, the previously-assigned judge screened the complaint under 28 U.S.C. 1915A.  Plaintiff was permitted to proceed on an equal protection claim, specifically, that prisoners on other floors of Cook County Jails were permitted to be outside their cells 14 hours per day whereas Plaintiff's floor is restricted to inside the cell for 18 hours per day, allegedly without a rational basis.  See 10 C 4175, R.6.  A physical-security deliberate indifference claim and a civil RICO claim, 18 U.S.C. 1964, were screened out for failing to state a claim. *Id.*  In 10 C 6520, after an initial screening, Plaintiff's amended complaint (R. 5, 9) alleges deliberate indifference to Plaintiff's mental illness.

But the 10 C 6520 amended complaint and the 10 C 4175 complaint are essentially duplicative of one another, with the amended complaint being the more comprehensible of the two.  First, the 10 C 6520 amended complaint also contains the allegation found in 10 C 4175 concerning unequal out-of-cell hours.  10 C 6520, R. 5 at 3.  The 10 C 6520 amended complaint also names every defendant named in the 10 C 4175. And, upon a second review, the 10 C 4175 complaint did allege that Plaintiff was being denied psychological treatment, albeit in the paragraphs describing the parties. 10 C 4175, R. 1 at 3.  Because of this overlap, and in order to streamline the handling of the two actions, the Court orders as follows: the Clerk shall consolidate the two actions, and shall file the 10 C 6520 amended complaint (R.9) into the docket for 10 C 04175, where the amended complaint will be treated as the operative complaint in 10 C 04175.  The Clerk shall terminate case number 10 C 06520 because the amended complaint will be treated as the complaint in 10 C 04175.  Although it is likely that Defendants' answer to the 10 C 6520 amended complaint will be the same or similar to its answer to the 10 C 4175 complaint, Defendants shall answer the 10 C 6520 amended complaint on or before May 5, 2011.  Status hearing is set for May 11, 2011 at 8:30 a.m.

| STATEMENT |
|---|
| With regard to Defendants' motion to dismiss [R. 23] in 10 C 6520, the motion is denied at this time in light of the consolidation. The premise of the motion to dismiss is that, except for the class-action allegation, the 10 C 6520 amended complaint overlaps with 10 C 4175. As explained above, the actions are now consolidated. With regard to the class-action allegation, the previously-assigned judge already ruled that the case may not proceed as a class action. 10 C 6520, R. 4 at 2. Accordingly, the class action allegation did not survive the screening. In any event, the amended complaint gives no reason to believe that the class meets the numerosity requirement, Fed. R. Civ. P. 23(a)(1), and the outlandish damages request ($20 million in compensatory and $20 million in punitive damages) shows that Plaintiff is not an adequate representative for a class, Fed. R. Civ. P. 23(a)(4). Nor does it appear that a class action would be a superior means of adjudicating what are bound to be a wide variety of mental illnesses and appropriate mental health treatment. |